IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00036 |
| ) | |
| Director Chadwick S. Dotson, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lawrence Edward Hinchee, Jr., an incarcerated individual proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, seeking to hold the Director of the Virginia Department of Corrections, Chadwick Dotson, responsible for the hardships and emotional distress Hinchee and his family members have experienced as a result of his incarceration. Hinchee submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.

While the court finds that Hinchee qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

    **I.**    **Standard of Review**

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

-1-

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Hinchee's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II.     Analysis

Here, Hinchee's complaint fails to state a claim upon which relief could be granted pursuant to § 1983.  The complaint describes the hardships endured by Hinchee and his family members because he is incarcerated and not able to interact with them and to provide support to them.  (Compl. ¶¶ 46-47 (Dkt. 1).)  These claimed harms, however, arise because of Hinchee's criminal conviction and resulting incarceration, not as a result of any actions taken by Defendant Dotson as the Director of the Virginia Department of Corrections.  Hinchee did not include any facts specific to Defendant Dotson indicating that he had any personal involvement in creating the hardships or an awareness of them.  A viable § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Although Dotson is the Director of the Virginia Department of Corrections, he is not personally responsible for the actions of its employees or its institutions because vicarious liability/*respondeat superior* is not a recognized theory of liability under § 1983.  *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As Hinchee does not mention any specific acts of any individual in connection with these claims, he also has not made any allegations that would support a claim of supervisory liability against Dotson.

Hinchee mentions the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (Compl. ¶ 46), but the facts alleged do not indicate any viable claim that the Department of Corrections, much less Dotson specifically, failed to provide him with any accommodation he

needed as a result of his claimed disability. Hinchee has not presented a facially plausible claim that the Americans with Disabilities Act has been violated.

Finally, as a *pro se* litigant, Hinchee cannot present the claims that are personal to his family members. He may only assert claims arising from alleged damage caused to him, not alleged damage sustained by others. "The right to litigate for *oneself,* however, does not create a coordinate right to litigate for *others.*" *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in class action)).

### III.   Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** this action **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Hinchee.

**ENTERED** this 25th day of February 2025.

/s/ *Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE